8417

### O'SHIELDS v. THE UNION IRON FOUNDRY.

1. ALLEGATION AND PROOF.—In this case the Court finds no discrepancy between the bill of particulars furnished defendant's counsel on demand in an action on account and the proof of plaintiff.

2. CORPORATIONS—DIVIDENDS.—There is no proof here to sustain the objection that dividends were paid out of the capital stock.

3. IBID.—IBID.—A corporation may declare and pay dividends before it is entirely out of debt.

Before FRANK B. GARY, J., Union, September, 1912. Affirmed.

Action by H. B. O'Shields against The Union Iron Foundry. Defendant appeals.

*Messrs. Young & Beaty* and *Jno. K. Hamblin,* for appellant, cite: *As to dividends:* 153 U. S. 979; 18 Am. R. 156; Taylor Priv. Corp. Par. 565; 89 U. S. 136; 99 U. S. 422; 29 Beav. 263; 9 Ency. 680, 691, 698; 2 Cook on Corp., secs. 546-50; 1 Cook, secs. 271-7; 3 Cook, sec. 869.

*Messrs. Wallace & Barron,* contra, cite: *As to dividends:* 9 Ency. 681; 2 Cook 418, 1497-8.

January 20, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action at law on an account, the Court by a consent order referred all the issues of law and fact to the master, who reported in favor of the plaintiff for the amount claimed, $498.98. The report was confirmed by the Circuit Court. The findings of fact of the Circuit Court in such a case has the same force as the verdict of a jury, and cannot be disturbed by this Court, unless they are without any support in the evidence.

The first exception assigns error in that the evidence of the plaintiff as to the items of the account do not corre-

spond with the items as set out in the bill of particulars furnished by the plaintiff before trial on demand of defendant's counsel. Not only has the defendant failed to point out any discrepancy in the exception or the argument, but it affirmatively appears from the record that the plaintiff testified fully that every item set down in the bill furnished the defendant was correct and how it was made up.

The specific objection to the account is that the plaintiff should not be allowed to recover for dividends on the stock held by him in the defendant corporation. These items arose in this way: The plaintiff was president and treasurer of The Union Iron Foundry. The capital stock of the corporation was $5,000, of which the plaintiff owned $3,000, and West, the other shareholder, $2,000. The plaintiff and West, regarding themselves the only persons interested, agreed on the dividends without formal meetings of stockholders or directors. The dividends which came to the plaintiff under this agreement were not paid to him in cash, but were credited to himself by the plaintiff on his current account with the corporation. Objection was made to the items so charged against the corporation on the ground that "they were not earned upon the capital stock of the said The Union Iron Foundry, but it was necessary to take a part of the capital stock of the said Union Iron Foundry in order to declare said dividends."

We are unable to find support for the objection in the evidence. The plaintiff, who was the only witness, testified that the net earnings exceeded the dividends. It is true that he also testified that the debts were greater than the net earnings, but the law does not require that a corporation shall be entirely out of debt before it shall declare a dividend. Debts often represent investments in machinery or other property, and their existence is not proof that the corporation made no net profit.

Affirmed.